David H. TATE *v.* STATE of Arkansas

CR 75-8                                             524 S.W. 2d 624

Opinion delivered May 19, 1975

136

*R. W. Laster*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Gary Isbell*, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant asks us to reverse his conviction of three violations of Act 590 of 1971 [Ark. Stat. Ann. § 82-2601 - 2638 (Supp. 1973)], as amended, upon three grounds:

## I

That the defendant was denied a fair trial and due process of law as contemplated by the Fourteenth Amendment of the United States Constitution.

## II

The court erred in consolidating three separate offenses for trial.

## III

The court erred in sentencing the defendant contrary to Ark. Stat. Ann. § 43-2301, et seq.

We shall treat them in the order stated.

## I

Appellant states that a cursory reading of the transcript reveals no glaring errors, but begs that we examine the entire record, saying that the accumulated errors apparent in the record show that there is a serious question of due process of law as contemplated by the Fourteenth Amendment to the United States Constitution. Yet they are not apparent enough for appellant's experienced, employed counsel to point out any of them to us, unless we should find error in the two remaining points. It is not the function of this court to conduct any such search for error as that suggested here. Not only would such a review be wasteful of judicial resources, but it would deprive the state of any means of advocating its position on discovered error. There is no merit in this point.

## II

This ground is asserted as one of the accumulated errors to which appellant makes reference in his argument under Point I. Yet, he admits that no objection was made by the public defender, who was appellant's trial counsel. The three charges were made in three separate informations. Each information charged appellant with delivery of a controlled substance, heroin, but on different dates, i.e., on the 22nd, 23rd and 24th days of January, 1974. Jury trial was waived, and the three cases were consolidated for trial by specific agreement. This was obviously a tactical decision, which might have redounded to the benefit of appellant. All three cases had been set for trial before the circuit judge on the same day. The same witness testified that he had purchased heroin from appellant on the three different days. It does not seem to us that appellant had much to lose by the consolidation. It does seem that the public defender, an experienced lawyer in defending criminal cases, tried to gain some advantage from the consolidation by pointing out that the narcotics officer who testified he had made the three separate purchases from appellant, could remember the names of the officers who had him under surveillance at the time two of the purchases were allegedly made, but could not remember who was the surveillance officer on the third occasion. We are unwilling to find error on this record.

## III

Appellant argues here that his sentencing was not in conformity with the provisions of Ark. Stat. Ann. § 43-2301 (Supp. 1973) and § 43-2303 (Repl. 1964). Specifically, he contends that the circuit judge did not advise appellant of his right to appeal and failed to fix or deny bond on appeal. Timely appeal was taken, so appellant has not been prejudiced by the failure of the court to advise him of that right. The court did remand appellant into the custody of the sheriff at the conclusion of the trial, which is one of the options available under § 43-2301. Furthermore, after notice of appeal had been given, the court admitted appellant to bail, as soon as a motion to fix bail was presented. We find no prejudice here, if indeed, the court's ordering appellant into the custody of the sheriff without expressly stating that he was denied bond was not a strict compliance with the statute.

The record does disclose that appellant was not accorded the right of allocution and that the public defender had been appointed to represent him upon a showing of indigency. Nothing in the record discloses that appellant remained incarcerated from the time of his initial arrest until his trial, or that, if he did so, it was solely on account of his indigency. He simply complains that § 43-2303 was not followed, but does not suggest what he could or would have advanced as a cause for the sentence not being imposed if he had been accorded that right, until his reply brief in which he says that he was incarcerated from April 4, 1974, when he was arrested, until trial.

The record discloses that when bench warrants were ordered on the informations filed, bail was fixed at $5,000 on each charge. An appeal bond with personal sureties in the penal sum of $15,000 was made. We cannot assume that indigency was the sole reason for these or other sureties being unwilling to serve as bail for appellant at an earlier date. Neither can we confirm the statement as to the period of incarceration. There was testimony that appellant was originally arrested April 4, 1974. Bench warrants were dated May 20, 1974. The returns on them show that appellant was arrested on May 23. We cannot say that the failure to follow

the statute was prejudicial on the record before us.

Appellant also argues that the trial court should have asked him at the conclusion of the trial if he was satisfied with the services of his appointed counsel, because this court once remarked that, on a plea of guilty, the record on a post-conviction proceeding would have been much clearer in support of the denial of an evidentiary hearing, if this had been done. See *Cullens* v. *State*, 252 Ark. 995, 482 S.W. 2d 95. However advisable this procedure may be under the circumstances prevailing there, it has not been made mandatory in any case. A failure to follow this procedure is not reversible error.

The judgment is affirmed.

Supplemental Opinion Delivered June 30, 1975

CRIMINAL LAW — REHEARING — MODIFICATION OF JUDGMENT. — Upon rehearing where the only inference to be drawn from the record was that appellant was held in pretrial incarceration from April 3 until July 17, 1974, and the trial court's failure to accord the right of allocution was found erroneous, the judgment was modified to allow credit for 3 ½ months pretrial incarceration reducing the punishment to 14 years, 8 ½ months in each case.

JOHN A. FOGLEMAN, Justice. In his petition for rehearing appellant has called our attention to matters in the record which were not made known in the abstract of the record in this case and could only have been detected by an examination of the entire record, a practice in which we do not engage, and will not initiate, in ordinary felony cases. The facts pointed out by appellant, however, move us, in the interest of justice, to modify our original opinion in one respect.

We said that we could not say the failure of the trial court to follow Ark. Stat. Ann. § 43-2303 (Repl. 1964) was prejudicial on the record before us. This was because we could not say that appellant was in pretrial incarceration from the time of his original arrest until he was sentenced or, if so, that this was solely because of his indigency. We now feel that the only reasonable inference to be drawn from the

record is that appellant was held in pretrial incarceration from April 3 until July 17, 1974. Officer Randall testified that warrants in all three cases were issued on April 3 and served on Tate, who was already in jail. There is nothing in the record to indicate that Tate had been placed in jail on any charge other than these. Endorsements appearing under Tate's name on the informations in these cases recite "in Pulaski County jail." The court's order appointing the public defender on June 3, 1974, recites that the defendant "is currently residing in the Pulaski County jail". The judgments recite that Tate appeared by the public defender and that he was in custody of the sheriff on July 17, 1974, when he was sentenced.

We have previously held that the failure of the court to accord the right of allocution is error and that where he record on direct appeal discloses that this was not done and does not disclose that the court's denial of credit to an indigent defendant for pretrial "jail time" was the exercise of its judicial discretion, the error is reversible. *Smith* v. *State*, 257 Ark. 781, 520 S.W. 2d 301 (1975).

It is not necessary that we reverse the judgment in this case in order to correct this error. This can be done by modification of the sentence on appellate review. It is accordingly ordered that the sentence of appellant be modified to allow credit for 3 ½ months' pretrial incarceration so that the punishment shall be 14 years, 8 ½ months in each case.

Otherwise, the petition for rehearing is denied, and the judgments, as modified, are affirmed.