Kenneth Ray CUSICK *v.* STATE of Arkansas

CR 75-191                                      536 S.W. 2d 119

Opinion delivered May 10, 1976

*Wiggins & Christian,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Kenneth Ray Cusick entered a plea of nolo contendere to a charge of possession of stolen property and received a sentence of 21 years, with 6 years suspended upon condition of good behavior. He had the assistance of counsel at the time. In January, 1975, he filed a petition for post-conviction relief under Criminal Procedure Rule 1. On August 5, 1975, this petition was denied by the trial court without a hearing on the basis of the transcript of the plea, docket entries, and the sentencing proceedings. Hence, this appeal.

Appointed counsel filed a motion to withdraw as counsel, accompanied by a brief, which is a copy of appellant's petition with a prayer that his sentence be reduced to that of codefendant's. Both appointed counsel and the Attorney General submit that this is a non-meritorious appeal. Appointed counsel has complied with the requirements of *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 943 (1967) and his motion to be permitted to withdraw is granted. But we do not agree that there is no merit in the appeal insofar as the denial of a hearing is concerned.

Appellant alleged that the trial court failed to determine the voluntariness of his plea as required by *Boykin* v. *Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), and failed to advise appellant of the consequences of his plea. He alleged specifically that no one explained to him the elements of the offense or the range of punishment. We have considered the effect of such omissions where there was a guilty plea in *Byler* v. *State,* 257 Ark. 15, 513 S.W. 2d 801. Insofar as the questions raised here are concerned, we perceive no reason why constitutional standards should be less rigid for a plea of nolo contendere than for a guilty plea. The potential sentencing consequences are no different and both pleas constitute a waiver of jury trial.

The principal basis for denial of a hearing on the post-conviction petition was a written Plea Statement Nolo

Contendere, signed by appellant. That statement appears to be a form utilized by the Circuit Court of Sebastian County to assure that an accused entering such a plea is advised as to the potential consequences. It begins with a statement that, when the accused answers the judge, he *must* understand certain things. The accused is admonished to ask his lawyer what sentence he could receive, if he does not already know. He is also advised of his right to a jury trial, and that his plea would be accepted only if his answer to each of six questions therein was "yes." These questions were:

1. Do you fully understand what you are charged with having done?
2. Do you understand the penalty the law provides?
3. Have you discussed your case fully with your attorney and are you satisfied with his services and advice?
4. Has your lawyer explained what a plea of nolo contendere means and do you fully understand what can happen if you enter this plea?
5. Are you entering your plea of nolo contendere on your own free will and accord without anyone causing you to do so on account of any promises or threats?
6. If you plead nolo contendere do you understand that your attorney and the prosecuting attorney have agreed to recommend that you will be sentenced to _____?

The accused is further admonished that he should sign the statement if he fully understands everything in it after having talked to his lawyer about any doubts or questions in his mind. Appellant signed the statement which certified that he understood what was being told him, what his rights were, and the questions that had been asked. He also certified that his answer to each of the questions was "yes" and that his plea was entered knowingly and voluntarily.

In *Byler,* we pointed out that the "Standards Relating to Pleas of Guilty" (1968) promulgated by the American Bar Association cautioned that a court should not accept a plea of guilty without first addressing the defendant personally and, after determining that he understands the nature of the charge, informing him that his plea of guilty or nolo con-

tendere was a waiver of his right to trial by jury and of the maximum possible sentence on the charge. We held in *Byler* that a simple affirmative answer in open court to inquiries as to whether the defendant understood the elements of the charge and his waiving jury trial by entering a plea of guilty was not sufficient to meet *Boykin* requirements, at least when no statement or explanation of the minimum or maximum penalty had been made.

We do not see how a writing singed by a defendant which does not explain the nature of the charge, state the possible punishment or specifically mention that the plea is a waiver of the defendant's right to jury trial differs in the respects we found the record deficient in *Byler*. It is true that the certificate of the attorney appointed to represent the defendant contains a statement that appellant understood all of that "paper" and the meaning and effect of his plea of nolo contendere and that defendant had been advised that the information correctly stated the charges and that the judge would find him guilty upon a plea of nolo contendere. The record discloses that the trial judge did state the nature of the charge and ascertained from the defendant that he understood. There is nothing whatever to indicate that appellant knew the range of possible punishment.

It certainly is likely that the appointed attorney did advise Cusick of the nature of the charge and the range of punishment and explained that he was waiving the right to jury trial, but this does not sufficiently appear from the files and records in the case to show *conclusively* that appellant was entitled to no relief, as required for the denial of an evidentiary hearing under Criminal Procedure Rule 1 (now Rule 37.3 a, Rules of Criminal Procedure).

We reverse the order of the circuit court and remand the case for an evidentiary hearing.

The Chief Justice and Byrd, J., dissent.