Charles BLACKMON *v.* STATE of Arkansas

CR 79-209                              595 S.W. 2d 689
Supreme Court of Arkansas
Opinion delivered March 31, 1980

Appellant, *pro se.*

*Steve Clark,* Atty. Gen., by: *Mary Davies Scott,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of second degree murder and sentenced to 35 years' imprisonment. He subsequently filed a *pro se* petition for post conviction relief requesting an evidentiary hearing. Ark. Stat. Ann. Vol. 4A, Rules of Crim. Proc., Rule 37 (Repl. 1977). In a supplemental document, appellant alleged that he was denied effective assistance of counsel. We granted appellant's motion to proceed under Rule 37. The circuit court denied the petition without an evidentiary hearing pursuant to Rule 37.3 (a) which provides that a Rule 37 motion may be disposed of without a hearing by the trial court if the motion and the files and records of the case "conclusively" demonstrate that the petitioner is not entitled to the relief requested. Appellant's sole contention on appeal is that the trial court erred in denying him an "evidentiary hearing upon his motion for post conviction relief in which he alleged that his retained counsel had ineffectively assisted him at trial." He alleges that he was denied effective assistance of counsel inasmuch as his at-

torney failed to properly investigate the case and interview several witnesses who were willing to testify in his defense, refused to ask for a continuance to secure the attendance of these witnesses, and failed to make proper objections to the amendment of the information and the admission of certain evidence, including a statement from the medical examiner's office.

An evidentiary hearing in the trial court on an allegation of ineffective assistance of counsel "better equip[s] us on review to examine in detail the sufficiency of the rep-representation below." *Hilliard* v. *State,* 259 Ark. 81, 531 S.W. 2d 463 (1976). See also *Cross* v. *U.S.,* 392 F.2d 360 (8th Cir. 1968). Here we granted appellant's motion to proceed under Rule 37 wherein he specifically requested an evidentiary hearing with the right to be present. In the absence of an evidentiary hearing, it would be virtually impossible for the trial court or us on appellate review to make a determination as to the adequacy of counsel in view of the objections asserted by the appellant. The record before us does not "conclusively" show appellant was not entitled to a hearing. Therefore, the trial court should have granted the appellant a hearing with reference to his allegation of ineffective assistance of counsel. *Cusick* v. *State,* 259 Ark. 720, 536 S.W. 2d 119 (1976); and *Cullens* v. *State,* 252 Ark. 995, 482 S.W. 2d 95 (1972).

Reversed and remanded.