Johnnie STOCKER, Jr. *v.* STATE of Arkansas

CR 83-64                                        658 S.W.2d 879

Supreme Court of Arkansas
Opinion delivered October 24, 1983

*Darrell F. Brown & Associates,* by: *Richard E. Holiman,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The issue here is whether the trial court correctly denied appellant's *pro se* petition for post-conviction relief without an evidentiary hearing.

Appellant was charged with burglary. The information was amended charging him as a habitual offender with four or more prior felonies pursuant to Ark. Stat. Ann. § 41-1001 (2) (Repl. 1977). Burglary, a class B felony, at that time provided for a range of punishment of three to twenty years. § 41-901. However, when a defendant has four or more prior

convictions, the range of punishment is twenty to forty years. § 41-1001 (2) (b). On the advice of appellant's retained counsel, he entered a plea of guilty to burglary pursuant to a negotiated plea agreement and received a sentence of twenty years. Subsequently, the appellant filed a *pro se* petition for postconviction relief (A.R.Cr.P. Rule 37) alleging ineffective assistance of counsel. Appellant claimed his attorney failed to properly investigate the allegations that appellant was previously convicted of four or more felonies and incorrectly advised him that his maximum liability was fifty to sixty years, thereby coercing him into accepting the negotiated plea. This appeal is taken, through present appointed counsel, from the trial court's failure to hold an evidentiary hearing.

The trial court is authorized to deny postconviction relief without an evidentiary hearing pursuant to Rule 37.3 (a), which provides:

> If the motion and the files and the records of the case *conclusively* show that the prisoner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files or records that are relied upon to sustain the court's findings. (Italics supplied.)

It appears there is considerable uncertainty about the charges appellant faced. The original information charged appellant with burglary. It was amended by alleging he was a habitual offender, having four previous convictions. However, the written plea agreement, signed by the appellant, erroneously stated that he was also charged in this case with theft of property. It is undisputed that appellant's twenty year sentence for burglary was based on a negotiated plea. Admittedly, in return for his guilty plea to the charge of burglary, he was not sentenced as a habitual offender. However, it appears fair to say that plea negotiations were conducted on the basis of appellant's being a habitual offender since he received a twenty year sentence, which is the minimum sentence with four or more previous convictions. It certainly appears illogical that he would negotiate a

guilty plea for the maximum sentence of twenty years for the burglary charge alone.

When accepting the plea, the trial court asked the appellant how many prior convictions he had to which appellant replied, "One." The record does not reflect that the trial court nor appellant's attorney ever advised him as to the minimum or maximum sentence on an unenhanced burglary charge; namely, three to twenty years. See A.R.Cr.P. Rule 24.4. In *Blackmon* v. *State*, 268 Ark. 316, 595 S.W.2d 689 (1980), we said:

> An evidentiary hearing in the trial court on an allegation of ineffective assistance of counsel 'better equip[s] us on review to examine in detail the sufficiency of the representation below.'

To the same effect is *Cusick* v. *State*, 259 Ark. 720, 536 S.W.2d 119 (1976). Furthermore, any deficiencies in the plea proceedings can be remedied at a postconviction hearing. *Thomas* v. *State*, 277 Ark. 74, 639 S.W.2d 353 (1982).

In the circumstances, we hold that the record before us does not "conclusively" show that appellant was not entitled to an evidentiary hearing.

Reversed and remanded.

ADKISSON, C.J., and HICKMAN and HAYS, JJ., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. I cannot agree with the majority that the petitioner deserves an evidentiary hearing. It is only by going outside the petitioner's original petition that a fact question can be found to justify a hearing. The original petition alleges that counsel should have secured proof of the four prior felony convictions and thus avoided advising petitioner to plead guilty. Petitioner did not allege that he was not guilty of four prior felony offenses nor did he explain what counsel would have found to negate the prior convictions if he had investigated them. Before postconviction relief is warranted, a petitioner must demonstrate that he was prejudiced by the

conduct of counsel. *Hill* v. *State*, 278 Ark. 194, 644 S.W.2d 282 (1983); *Smith* v. *State*, 264 Ark. 329, 571 S.W.2d 591 (1978). Petitioner did not establish prejudice in his petition and the trial judge was correct to deny the petition without a hearing.

HICKMAN and HAYS, JJ., join in this dissent.