Danny Ray McDONALD *v.* STATE of Arkansas

CR 79-52                                         582 S.W. 2d 272

Opinion delivered June 18, 1979
(In Banc)

Appellant, *pro se.*

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Danny Ray McDonald was charged with aggravated robbery in violation of Ark. Stat. Ann. § 41-2102 (Repl. 1977) and with being a habitual offender, Ark. Stat. Ann. § 41-1001 (Repl. 1977). The jury found him guilty as charged and fixed his punishment at imprisonment for 16 years and 2 months and a fine of $6,080. For reversal he raises the issues hereinafter discussed.

The proof on the part of the State, stated in the light most favorable to the jury's verdict, shows that appellant took $80 from the office area of Gene's Family Market. Eddie Caraway, an employee in the store, gave chase until appellant pulled a knife from his back pocket. Other witnesses, including a friend and an accomplice, furnished direct and circumstantial evidence identifying appellant as the person who fled from the pursuit of Caraway.

With respect to the offense of aggravated robbery, Ark. Stat. Ann. § 41-2102 (Repl. 1977) provides:

"(1) A person commits aggravated robbery if he com-

mits robbery as defined in section 2103 [Ark. Stat. Ann. § 41-2103 (Repl. 1977)] and he:

(a) is armed with a deadly weapon, or represents by word or conduct that he is so armed, . . .

Ark. Stat. Ann. § 41-2103 (Repl. 1977) provides:

(1) A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatenss to employ physical force upon another."

Under the proof presented, we must hold that the evidence is sufficient to sustain the jury's finding that appellant was guilty of aggravated robbery.

We can find no merit in his contention that he was entitled to have the jury instructed on theft pursuant to Ark. Stat. Ann. § 41-2203 (Repl. 1977). Under Ark. Stat. Ann. § 41-2203, *supra*, "a person commits theft of property if he knowingly takes or exercises unauthorized control over . . . the property of another." However, to prove robbery the State only has to show that there was an intent to commit a theft. Consequently, the offense of theft of property is not a lesser included offense in a charge of the crime of burglary. See Ark. Stat. Ann. § 41-105(2) (Repl. 1977).

Appellant is correct in his contention that the trial court erred in submitting the issue of a habitual offender, Ark. Stat. Ann. § 41-1001 (Repl. 1977), to the jury. That statute comes into play only upon a showing of "more than one" previous conviction of a felony. The State's proof here only showed one prior felony conviction. The State, in its brief here, acknowledges the error but contends that the error only goes to the years of imprisonment and not to the fine. With the contention as to the fine, we cannot agree because without the habitual offender charge, the State would not have been in position to show a previous conviction for purposes of enhancing either the punishment or the fine.

Accordingly, the error can be cured by reducing

appellant's punishment to the minimum of 5 years imprisonment pursuant to Ark. Stat. Ann. § 41-901(1)(a) (Repl. 1977). The judgment will be so modified and affirmed unless the State before the issuance of the mandate files an election to retry appellant.

Modified and affirmed.