Lois ROGERS *v.* STATE of Arkansas

CA CR 83-60                                660 S.W.2d 949

Court of Appeals of Arkansas
En Banc
Opinion delivered November 16, 1983
[Rehearing denied December 21, 1983.]

*Murphy & Carlisle,* by: *Marshall N. Carlisle,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant was charged with possession of a controlled substance with intent to deliver. The appellant was also charged as an habitual criminal who had been convicted of more than two felonies. After waiving a jury trial, the appellant was tried by the court, found guilty, and sentenced to eight years in the Arkansas Department of Correction. From that decision, comes this appeal.

Pursuant to a search warrant, several Johnson County deputy sheriffs searched a residence, surrounding grounds, and outbuildings. During the course of the search, they found several marijuana plants growing outside the residence, and other marijuana located in various containers and within the residence. At the time the search was conducted, the appellant was not present. The officers testified that they left a copy of the search warrant on the kitchen table inside the residence. Sometime later, the appellant was found on the premises, and he was arrested.

For reversal, the appellant argues that the evidence obtained pursuant to the search warrant should have been

suppressed because the officers failed to comply with Rule 13.3 (b) of the Arkansas Rules of Criminal Procedure. That rule requires that, where the premises to be searched are unoccupied by any person in apparent control, the officers shall leave a copy of the warrant affixed to the premises. The appellant also argues that, because he was not served with a copy of the warrant when he was arrested, the evidence seized should have been suppressed. We find no merit to this argument. Rule 13 (b) and (d) deal with the problem of an unoccupied place which is to be searched and merely provide that, in that event, a copy of the search warrant and return are to be "affixed" to the premises. The trial court, after hearing the witnesses, found that the officers had, in fact, "affixed" the warrant and return to the premises by leaving copies of them on a table inside the premises. The appellant claimed he did not see the warrant or return, but the trial court found the officers' method of affixing the warrant and return to the premises to be reasonable. We agree with the trial court that this manner of affixing the warrant and return was reasonable, complied with Rule 13.3 (b) and (d), and the Fourth Amendment to the United States Constitution. The search was not an unreasonable one by virtue of the manner of affixing the warrant to the premises. Further, we find that the appellant's reliance on *Harris* v. *State*, 264 Ark. 391, 572 S.W.2d 389 (1978) is misplaced. It is enough to say that in *Harris* there were numerous defects which the majority found to warrant suppression, even though the court noted that none of the defects, standing alone, were sufficient to justify suppression of the evidence seized. No accumulation of defects is present in the case at bar, and, in fact, we find no defect at all in the manner in which the officers affixed the warrant and return to the premises.

Secondly, the appellant argues that the trial court, in considering the provisions of the habitual offender statute mandatory, erred in determining that eight years was the minimum prison sentence it could impose on the appellant. We find no merit to this argument. The trial court indicated that, having heard all the evidence and finding the appellant guilty, it felt it had no choice but to sentence the appellant. This statement by the trial court does not clearly indicate

that the court refused to consider the alternative fine provisions and considered a sentence to imprisonment as the only option it had. We believe the trial court exercised its discretion, and simply meant that, based on the appellant's prior record, and the facts of the case at bar, it had no choice, considering its duty, but to sentence the appellant to imprisonment. Secondly, we believe the trial court was correct in determining that, having decided to sentence the appellant to prison, eight years was the minimum sentence which could be imposed. Certainly, the appellant is correct in pointing out that Ark. Stat. Ann. §§ 41-901. -1101, and -1001, all use the permissive word "may" in defining sentences which are available for various classes of crimes. The use of the word "may", however, does not mean that in all habitual offender cases, both the provisions of Ark. Stat. Ann. § 41-901 and Ark. Stat. Ann. § 41-1001 are available, and that the court is required to choose from those two statutes. The sentences for habitual offenders are governed by Ark. Stat. Ann. § 41-1001, and the simple explanation is that the minimum sentences for habitual offenders are different than for persons who have not been convicted of two or more felonies. See *Jordan v. State,* 274 Ark. 572, 626 S.W.2d 947 (1982), where the Arkansas Supreme Court stated:

> The trial was bifurcated and appellant was found guilty of burglary and to have committed four or more previous felonies, *thus twenty years is the minimum sentence he could have received* under § 41-1001 (2) (b) irrespective of the issue of the firearm. [emphasis supplied]

See also, *Stocker v. State,* 280 Ark. 450, 658 S.W.2d 879 (1983). The appellant cites *Mathis v. State,* 267 Ark. 904, 591 S.W.2d 679 (Ark. App. 1980), for the proposition that the stiffer sentences provided in the habitual criminal statute are not mandatory. We agree with that statement, since the trial court is not required to sentence a convicted habitual offender to prison at all. Unfortunately, the following sentence appears in *Mathis:*

> The appellant could, however, permit the presiding judge to consider both possible sentencing statutes and impose the punishment.

That sentence can be read as implying that the non-habitual sentencing statutes are to be considered along with the habitual criminal sentencing statutes in determining what prison sentence, if any, a habitual felon is to receive. Our Supreme Court has clearly indicated, in at least the two cases cited above, that the minimum sentences for habitual offenders are different from other individuals. Therefore, to the extent that *Mathis* holds otherwise, it is expressly overruled.

This argument advanced on behalf of the appellant concerning sentencing fails for another reason. The appellant made no objection at the time sentence was imposed, and therefore, having accepted his sentence, he has no standing to complain. *McGee* v. *State,* 271 Ark. 611, 609 S.W.2d 73 (1980).

Finally, the appellant argues that his conviction is not supported by substantial evidence.

Without going into exhaustive detail, it is enough to say that the appellant was found on the premises in the process of feeding his dogs, that his clothing and bank statements were found inside the residence, and that he owned the mobile home located upon the premises. The appellant testified that he was separated from his wife and knew nothing of the marijuana. In criminal cases, we affirm where there is substantial evidence to support the verdict. *Pickens* v. *State,* 6 Ark. App. 58, 638 S.W.2d 682 (1982). Substantial evidence has been defined as evidence which is of sufficient force that it will compel a conclusion one way or the other. The evidence must be more than mere suspicion or conjecture. *Jones* v. *State,* 269 Ark. 119, 598 S.W.2d 748 (1980). In determining whether there is substantial evidence to support a verdict, we review the evidence in the light most favorable to the appellee, *Pope* v. *State,* 262 Ark. 476, 557 S.W.2d 887 (1977), considering only the testimony which tends to support the guilty verdict. *Brown* v. *State,* 278 Ark.

604, 648 S.W.2d 67 (1983). After reviewing the evidence in the light most favorable to the appellee, we conclude that there is substantial evidence to support the verdict.

Affirmed.