Terry Lynn SHELLS *v.* STATE of Arkansas

CA CR 87-27                                    733 S.W.2d 743

Court of Appeals of Arkansas
Division I
Opinion delivered July 22, 1987

64

*Thomas E. Brown,* for appellant.

*Steve Clark,* Att'y Gen., by: *William F. Knight,* Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with criminal use of a prohibited weapon and battery in the second degree, violations of Ark. Stat. Ann. §§ 41-3104 (Repl. 1977) and 41-1602 (Supp. 1985). In an amended information it was alleged that the appellant had been found guilty of two or more previous felonies and should be punished under the provisions of the Habitual Offender Act, Ark. Stat. Ann. § 41-1001 *et seq.* (Supp. 1985). After a jury trial, the appellant was found guilty of both offenses and, after the jury was informed of his prior felony convictions, he was sentenced to twelve years in the Arkansas Department of Correction on each count. The trial court ordered that these sentences were to be served consecutive to each other, and consecutive to the sentence the appellant is presently serving. From that decision, comes this appeal.

For reversal, the appellant contends that the evidence was insufficient to support a finding of guilt on either charge; that the trial court erred in allowing the appellant's prior felony convictions to be admitted into evidence because the appellant was not notified of the amended information; that the trial court erred in admitting four prior felony convictions into evidence when the amended information alleged only two or more felony convictions; and that the trial court erred in admitting evidence of previous convictions other than by certified copies of those convictions or a certificate of a chief officer of the penal institution where the appellant was incarcerated. We reverse in part and affirm in part.

Pursuant to *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), we first consider the sufficiency of the evidence to support the appellant's convictions. In so doing we review the evidence in the light most favorable to the appellee and affirm if the verdict is supported by substantial evidence. *Lair* v. *State*, 19 Ark. App. 172, 718 S.W.2d 467 (1986). Substantial evidence is evidence which induces the mind to go beyond mere suspicion or conjecture, and is of sufficient force or character to compel a conclusion one way or the other with reasonable certainty. *Dillard* v. *State*, 20 Ark. App. 35, 723 S.W.2d 373 (1987).

The evidence reflects that Lieutenant Coleman, an employee of the Arkansas Department of Correction, observed a number of inmates entering the barracks for lunch. He testified that he saw the appellant move to his left, and then Lieutenant Coleman went outside to investigate. He then saw the appellant standing approximately fifteen feet from another inmate, Vaulah Shaw. Coleman spoke to the appellant, and noticed an icepick-like object called a shank lying on the ground. Coleman also stated that he saw what appeared to be blood on Vaulah Shaw's shirt. The incident was further investigated by Sergeant J.W. Hale of the Arkansas State Police, who testified that he interviewed the appellant. Hale stated that the appellant told him that he made the shank by rubbing part of a broom handle on a concrete floor to sharpen it, and that he had possessed the weapon for three or four months. Hale further stated that the appellant told him that he planned to stab three different inmates, and that Vaulah Shaw just happened to be nearby. There was also testimony that the appellant told Hale that he had requested to be transferred to another unit of the Department of Correction; when his request for transfer was refused, he decided to force the department to transfer him by creating a disturbance at every opportunity. Marvin Evans, assistant warden of the Tucker Maximum Security Unit where the appellant was incarcerated at the time of the incident, stated that the appellant had made numerous requests for transfer to another unit or penitentiary. Evans also stated that he received a letter from the appellant telling him that he had picked out three different inmates to assault, and that Vaulah Shaw was just the closest to him at the time.

Arkansas Statutes Annotated § 41-1602(1)(b) pro-

vides that a person commits battery in the second degree if "with the purpose of causing physical injury to another person, he causes physical injury to any person by means of a deadly weapon." "Physical injury" is defined as "the impairment of physical condition or the infliction of substantial pain." Ark. Stat. Ann. § 41-115(14) (Repl. 1977). The only evidence of physical injury in the case at bar is Lieutenant Coleman's testimony that he saw what appeared to be blood on Vaulah Shaw's shirt. Shaw was called as a witness, but refused to testify. No evidence of any physical impairment to Shaw as a result of the assault appears in the record. In the absence of evidence regarding the severity of the attack, the extent of Shaw's wound, or that the injury was to an area that is especially sensitive to pain, we hold that the evidence was insufficient to support a conviction for battery in the second degree. *Lair* v. *State, supra; Holmes* v. *State*, 15 Ark. App. 163, 690 S.W.2d 738 (1985).

With respect to the appellant's conviction for criminal use of a prohibited weapon, Ark. Stat. Ann. § 41-3104(1) (Repl. 1977) provides that a person commits that offense if he possesses, makes, or otherwise deals in an implement for the infliction of serious physical injury or death which serves no common lawful purpose. The appellant cites *Bryant* v. *State*, 16 Ark. App. 45, 696 S.W.2d 773 (1985), for the proposition that a conviction cannot be based upon an extrajudicial confession unless that confession is corroborated, and argues that the requisite corroboration was lacking in the case at bar. We disagree. Although the confession of a defendant must be accompanied by other proof that the offense was committed, Ark. Stat. Ann. § 43-2115 (Repl. 1977), the statutory requirement of corroboration is satisfied by proof that the crime was committed by someone. *Trotter* v. *State*, 290 Ark. 269, 719 S.W.2d 268 (1986). There was testimony at trial to show that others had seen the shank, that it was an object similar to an icepick, and that it had been found near the appellant soon after the incident occurred. We think this evidence sufficient to show that someone made or possessed the weapon, and we hold that the appellant's conviction on this charge is supported by substantial evidence.

Next, the appellant contends that the trial court erred in allowing his prior felony convictions into evidence in the sentencing phase of the trial when the appellant, who proceeded

*pro se*, was not notified of the amended information asserting habitual offender status until after the State had rested its case. The appellant acknowledges that the prosecution has a right to amend the information up to submission of the case to the jury, but argues that the late notice in this case was unconscionable because the appellant was proceeding *pro se*. We do not agree. Although an accused who knowingly and willingly forgoes his right to counsel and is willing and able to abide by rules of procedure and protocol is entitled to conduct his own defense, he who exercises the right of self-representation must bear the responsibility for his own mistakes. *Gilbert* v. *State*, 282 Ark. 504, 669 S.W.2d 454 (1984). The record shows that the appellant requested permission to represent himself; that the court appointed standby counsel for the appellant; and that the court instructed the appellant that he would be bound by the same rules of evidence and procedure as would be applicable were he an attorney. The Supreme Court has held that, in the absence of prejudice or surprise, the State may amend the information even after the trial has started. *Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977). We find no surprise or prejudice under the circumstances presented in the case at bar. The appellant was aware that he had previously been convicted of felonies, and any prejudice resulting from his choice to represent himself must be charged to him. *See Gilbert, supra.* We therefore hold that the trial court did not err in permitting evidence of his prior convictions for the purpose of sentence enhancement.

██ We next address the appellant's contention that the trial court erred in admitting evidence of previous convictions other than certified copies of those convictions or a certificate of a chief officer of the penal institution where the appellant was incarcerated. The record reveals that Warden Evans returned to the Department of Correction during a recess at trial and obtained copies of the appellant's "pen pack" as evidence of the appellant's prior convictions. Warden Evans testified that the photocopies had been made by a secretary and were not notarized. The trial court allowed the photocopies into evidence as proof of the appellant's prior felony convictions, stating that they were permissible as being a "certified true copy of [the appellant's] prior felony convictions." The appellant argues that the trial court thus required the State to produce copies certified by

the warden or chief of records officer of the Tucker unit. We find no error. The photocopies were certified as true and correct copies by Loretta Quin of the records office at the maximum security unit, and Warden Evans testified that the photocopies were made from his records at the penitentiary. We think this sufficient to explain the trial judge's remark, and hold that the photocopies of the appellant's "pen pack" were properly introduced as evidence of his prior felony convictions. *See* Ark. Stat. Ann. § 41-1003 (Supp. 1985).

The appellant next contends that the trial court erroneously allowed four of his prior felony convictions to be admitted because the amended information alleged only two or more prior convictions. We agree. In *Malone* v. *State*, 292 Ark. 243, 729 S.W.2d 167 (1987), the Supreme Court stated that it would be error to permit the State to prove four or more prior offenses where the defendant was only charged with two or more prior felonies. Although the appellant in the case at bar received a sentence of twelve years on his conviction for criminal use of a prohibited weapon, which is within the permissible range for a class D felony under Ark. Stat. Ann. § 41-1001(1)(e) (Supp. 1985), we cannot say that permitting the State to prove four felonies did not prejudice the appellant, whose twelve-year sentence was the maximum permissible under subsection (1)(e). We therefore reduce the appellant's sentence to six years, the minimum punishment for a class D felony under subsection (1)(e). *See Scott* v. *State*, 1 Ark. App. 207, 614 S.W.2d 239 (1981); Ark. Stat. Ann. § 41-3104(3) (Repl. 1977).

Reversed in part, affirmed in part as modified.

CORBIN, C.J., and MAYFIELD, J., agree.