William R. GROOMS *v.* STATE of Arkansas

CR 85-140                                          737 S.W.2d 648

Supreme Court of Arkansas
Opinion delivered October 19, 1987

*Grant & Berry*, by: *Sandra T. Berry*; and *William E. Keadle*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is an appeal from denial of relief sought pursuant to Ark. R. Crim. P. 37. As the petition filed in the circuit court was a second petition, the first one having been denied and the denial affirmed in this court, it was proper for the circuit court to deny it.

The appellant, William R. Grooms, was convicted of theft by receiving, sentenced to twenty years in prison, and fined $10,000. During the trial, his counsel, on direct examination, asked Grooms about his prior criminal record, and he testified about prior convictions. The prosecutor then cross-examined Grooms whereupon he revealed convictions in addition to the ones discussed on direct examination. The sentencing phase of the trial was combined with the guilt-innocence phase with the consent of the accused.

Grooms filed a notice of appeal, but at Grooms's request the appeal was not perfected. He chose, rather, to pursue a Rule 37 petition upon the ground, among others, that his counsel had been ineffective in allowing the evidence about his prior convictions to

come in as part of the guilt-innocence phase of the trial. The petition was denied, and this court affirmed, *Grooms* v. *State*, 283 Ark. 224, 675 S.W.2d 353 (1984), concluding that Grooms had not demonstrated ineffectiveness of counsel.

On January 28, 1985, Grooms filed a petition for writ of error *coram nobis*, seeking correction of his sentence. This court denied relief in an unpublished per curiam opinion of October 7, 1985, noting that the *coram nobis* petition is not a substitute for Rule 37 relief, and that the petitioner, ". . . had a remedy in the trial court in the form of a petition to correct an excessive sentence pursuant . . . to Rule 37.2(c) if the sentence exceeded the maximum allowed by law."

In our earlier consideration of Grooms's petition pursuant to Rule 37, we affirmed, having considered the same issue he has again presented in the appeal before us now, and we did not state that our affirmance was without prejudice to the bringing of another such petition. A successive Rule 37 petition will not be entertained unless the original petition was specifically dismissed without prejudice to filing a subsequent petition. Ark. R. Crim. P. 37.2(b); *Porter* v. *State*, 289 Ark. 475, 712 S.W.2d 304 (1986); *Williams* v. *State*, 273 Ark. 315, 619 S.W.2d 628 (1981).

Although the circuit judge denied the petition for a different reason, the result was correct for the reason we have stated, thus the decision is affirmed. *Dandridge* v. *State*, 292 Ark. 40, 727 S.W.2d 851 (1987); *Marchant* v. *State*, 286 Ark. 24, 688 S.W.2d 744 (1985).

Affirmed.