**Anderson Gene DuBOIS, Appellee,**

v.

**A.L. LOCKHART, etc., Appellant.**

No. 87–2512–EA.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1988.

Decided July 20, 1988.

Rehearing and Rehearing En Banc Denied Sept. 22, 1988.

---

Clint Miller, Little Rock, Ark., for appellant.

Catherine Lassiter, Conway, Ark., for appellee.

Before LAY, HEANEY and MAGILL, Circuit Judges.

HEANEY, Circuit Judge.

A jury convicted Anderson Gene Dubois of first degree murder in March, 1972. Dubois was sentenced to death by electrocution. The Arkansas Supreme Court reversed his conviction because the State had failed to offer evidence corroborating the testimony of two accomplices, as required by Arkansas statute. *See Dubois v. State*, 254 Ark. 543, 494 S.W.2d 700 (1973) (*Dubois I*). Dubois was retried, and reconvicted and sentenced to life imprisonment. The Arkansas Supreme Court affirmed this

conviction because the State had presented additional evidence to corroborate the testimony of the accomplice. *See Dubois v. State*, 258 Ark. 459, 527 S.W.2d 595 (1975) (*Dubois II*).

Dubois challenged the second conviction as a violation of his right against double jeopardy established by the fifth and fourteenth amendments. After exhausting state court remedies,[1] he filed a petition for habeas corpus relief under 28 U.S.C. § 2254 in federal district court. A federal magistrate conducted a hearing, made findings of fact, and recommended that the petition be granted. The federal district court adopted the magistrate's recommendation, but, on request of the State, stayed Dubois' release pending this appeal.

ANALYSIS

The double jeopardy clause of the fifth amendment states: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amend. V. This prohibition applies to the states through the due process clause of the fourteenth amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

The central issue in this case is whether the State violated the double jeopardy clause by trying Dubois a second time after the State had failed to corroborate the testimony of two accomplices. The United States Supreme Court has confronted similar issues in two cases in the past decade. In *Burks v. United States*, 437 U.S. at 1, 98 S.Ct. at 2141, 57 L.Ed.2d at 1 (1978), a defendant had been convicted of robbing a federally insured bank with a dangerous weapon. The Court of Appeals reversed his conviction because the evidence was insufficient to sustain the jury's verdict. On retrial, the defendant was again convicted. The Court of Appeals affirmed the conviction.

---

1. Dubois filed a motion pursuant to Ark.R.Crim. Pro. 37, which was denied on the merits. *See Dubois v. State*, No. CR–74–163 (July 9, 1976). Arkansas law prohibits successive petitions under Rule 37. *See Grooms v. State*, 293 Ark. 358, 737 S.W.2d 648 (1987). Dubois therefore had no additional state remedies available to him. Although Dubois did not raise the double jeopardy claim in state court, we believe there was cause for this failure, in that the claim was a

novel one. *See Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984). The Supreme Court case upon which Dubois' claim is based, *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), was decided approximately two years after Dubois' state claim for post-conviction relief was decided. The state does not contend that Dubois did not have cause.

The Supreme Court reversed. It observed that "central to the objective" of the double jeopardy clause is the prohibition of "a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Id.* at 11, 98 S.Ct. at 2147. The Court distinguished trial errors from insufficiency of evidence, observing that the latter indicates that the government has failed to prove the guilt of the defendant beyond a reasonable doubt, *id.* at 15, 16 n. 10, 98 S.Ct. at 2149, 2150 n. 10, and that in such an instance, the case should not be submitted to a jury. *Id.* at 16, 98 S.Ct. at 2149. Trial errors, on the other hand, mean only that the judicial proceeding was defective in some respect, which may imply nothing about the guilt or innocence of the defendant. The Court held that, since the Appeals Court had previously found the evidence legally insufficient, a second trial was precluded. *Id.* at 17–18, 98 S.Ct. at 2150–51.

In *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), the Supreme Court elaborated on the principles recognized in *Burks*. In *Tibbs*, the Florida Supreme Court reversed a murder and rape conviction and ordered a new trial because it found several "weaknesses" in the prosecution's case. On retrial, the defendant was again convicted. The Florida Supreme Court affirmed this conviction.

In affirming, the United States Supreme Court contrasted a finding of insufficient evidence, such as in *Burks*, with a finding that a conviction is against the weight of the evidence. The Court equated a reversal based on the weight of the evidence to a deadlocked jury. *Id.* 437 U.S. at 42, 98 S.Ct. at 2164. The Court noted a reversal based on the weight of the evidence means the appellate court sits as a "thirteenth juror" and "disagrees with the jury's resolution of the conflicting testimony." *Id.* at 42, 98 S.Ct. at 2164. A deadlocked jury, unlike an acquittal, does not bar retrial

under established case law. *Id.* at 42 & n. 17, 98 S.Ct. at 2164 & n. 17. Similarly, the Court reasoned, a reversal based on the weight of the evidence should not bar retrial. After determining that the Florida court had reversed based on the weight of the evidence, the Court upheld the second conviction.

The State contends that this case is more like *Tibbs* than *Burks*.[2] It argues that the initial reversal was not analogous to an acquittal. We disagree and hold that the failure to corroborate accomplice testimony renders the evidence in a case legally insufficient to sustain a conviction under Arkansas law.

The applicable Arkansas statute reads, "[a] conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense." Ark.Code Ann. 16–89–111(e)(1)(1987) (formerly codified at Ark.Stat.Ann. § 43–2116 (Repl.1977)). The statute erects an absolute bar to a conviction where an accomplice testifies and no corroborating evidence is offered. Such a presumption clearly does not go to the weight of the evidence as argued by the State. This is not an instance of a court "disagreeing" with the verdict reached by the jury. Nor is it one involving an assessment of witness credibility. Once such corroborating evidence is offered, such a weighing of the evidence would obviously take place. But before such corroborating evidence is offered, all the other evidence offered is simply insufficient to sustain a conviction.

This interpretation is fully consistent with the position adopted by the Arkansas Supreme Court. That Court recently held, "if under our law an accused must be acquitted if the state's case is based on the uncorroborated testimony of an accomplice, then that determination on appeal prohibits retrial just as it does when acquittal occurs

2. We agree with the district court and the other circuits which have confronted the issue that *Burks* should be applied retroactively. *See Vogel v. Pennsylvania*, 790 F.2d 368, 377–80 (3rd Cir.1986); *Bullard v. Estelle*, 665 F.2d 1347 (5th Cir.1982), *vacated and remanded on other grounds*, 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983); *United States v. Bodey*, 607 F.2d 265, 268 (9th Cir.1979). The State does not argue against the retroactive application of *Burks*.

at the trial. *The reason for reversal is not 'error' but insufficiency of the state's proof." Foster v. State*, 290 Ark. 495, 722 S.W.2d 869, 871, (1987), *cert. denied,* — U.S. ——, 107 S.Ct. 3213, 96 L.Ed.2d 700 (1987) (emphasis added).

The State concedes that *Foster* represents Arkansas law[3] but contends that *Foster* misinterprets what the federal constitution requires. In essence it argues that the Arkansas accomplice corroboration statute does not implicate the federal constitution or federal law. As the State points out, due process requires that the evidence adduced at trial, when viewed in the light most favorable to the government, be sufficient to persuade a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Corroboration of accomplice testimony is not necessary for a rational fact finder to find a defendant guilty beyond a reasonable doubt. *United States v. Augenblick*, 393 U.S. 348, 352, 89 S.Ct. 528, 531, 21 L.Ed.2d 537 (1969). Therefore, the State contends, a state statute requiring such corroboration does not implicate federal law and consequently, is not enforceable in a federal court by means of a writ of habeas corpus. *Gipson v. Lockhart*, 692 F.2d 66, 68 (8th Cir.1982).

The State fails to characterize properly the interaction of the due process clause, the double jeopardy clause, and state law in determining the basis for a reversal. *Tibbs* makes clear that state law plays a vital part in answering the *federal* question of evidentiary sufficiency under the double jeopardy clause. The federal due process clause enters this analysis only to "set[ ] *a*

*lower limit* on an appellate court's definition of evidentiary sufficiency." 457 U.S. at 45, 102 S.Ct. at 2220 (emphasis added). And, "absent a conflict with the Due Process Clause ... [the state] court's construction of its prior opinion binds this Court." *Id.* at 46, 102 S.Ct. at 2220. Thus, in *Tibbs*, the Supreme Court looked to state law, not strictly to the requirements of due process, in determining that the reversal by the state court was based on a finding as to the weight, not the sufficiency, of the evidence. 457 U.S. at 46, 102 S.Ct. at 2220.

■ This case is slightly different from *Tibbs* and *Burks*. Here, a state appellate court has reversed based on a state statute which requires corroboration of accomplice testimony to sustain a conviction. In *Tibbs* and *Burks*, the state appellate court was performing its usual function of assessing the weight or sufficiency of the evidence. The double jeopardy clause, however, does not offer less protection when a state court makes a ruling on evidentiary insufficiency based on an application of a valid state statute than when a state court makes a ruling on evidentiary insufficiency based on a consideration of the evidence adduced at trial. In either instance, a reversal means the prosecution has failed to present a submissible case.

The State also points out that an acquittal requires a resolution of some or all of the factual elements of the charged offense. *See United States v. Scott*, 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978). According to the State, such a resolution would only turn on accomplice testimony if corroboration of accomplice testimony were an element of the charged crime, could negate Dubois' culpable mental state, or amounted to a failure to rebut

---

3. We note that the lawyers for both the State and Dubois recognized that *Dubois I* and *Dubois II* did not clearly state on what ground the Arkansas Supreme Court reversed Dubois' initial conviction. As the United States Supreme Court noted, however, in *Greene v. Massey*, 437 U.S. 19, 25–26 & nn. 8–10, 98 S.Ct. 2151, 2154–55 & nn. 8–10, 57 L.Ed.2d 15 (1978), and in *Tibbs*, 457 U.S. at 47 n. 24, 102 S.Ct. at 2221 n. 24, "the meaning attached to an ambiguous prior reversal is a matter of state law." *Foster* clearly states that *any* reversal because of a lack of accomplice corroboration is based on an insufficiency of evidence. The State does not argue, and our review of the case law does not demonstrate, *cf. Pollard v. State*, 264 Ark. 753, 574 S.W.2d 656 (1978), that *Foster* in any way changed the interpretation of the accomplice corroboration statute from the time when Dubois' first conviction was reversed. We therefore must assume that *Foster's* reading of Arkansas law was the proper one at the time Dubois' conviction was reversed.

a justification defense. Since it is none of these, a lack of accomplice corroboration cannot amount to an acquittal.

The question, however, is not whether corroborated accomplice testimony is an element of the crime but whether it affects the proof required for a conviction. Clearly, under the Arkansas statute, it does, because without submission of such corroboration, a conviction is not permissible. The Arkansas statute affects the resolution of every element of a crime. Under the statute, any amount of proof submitted by the prosecution is deficient, unless accomplice testimony is corroborated.

CONCLUSION

The double jeopardy clause bars a second prosecution when the reversal of an initial prosecution was based on an insufficiency of the evidence. In determining whether a reversal was based on evidentiary sufficiency, we must rely on the reasons of the reversing court, whether state or federal. Here, the state court reversed a conviction because the prosecution failed to corroborate accomplice testimony as required by state statute. Such a reversal has been characterized by the Arkansas Supreme Court as one based on evidentiary insufficiency, and, therefore, a second prosecution is barred. For these reasons, we affirm the judgment of the district court.