William **GROOMS**, Appellant,

v.

**A.L. LOCKHART**, Director, Arkansas Department of Corrections, Appellee.

No. 89–2896EA.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1990.
Decided Nov. 23, 1990.

Jeffrey Rosenzweig, Little Rock, Ark., for appellant.

Kent Jolliff, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BOWMAN and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

PER CURIAM.

William Grooms appeals the magistrate's[1] denial of habeas relief under 28 U.S.C. § 2254. Finding no error in the magistrate's ruling, we affirm.

## I. BACKGROUND

On September 23, 1982, William Grooms was convicted by a jury of theft by receiving, a class C felony, and of being a habitual offender. He was sentenced to a term of twenty years in the Arkansas Department of Corrections. The prosecution did not introduce any documentary evidence of Grooms' prior convictions, but Grooms testified about his criminal past on both direct and cross examination. Trial Transcript at 164–65, 177–82.

Until 1981, Arkansas had a two-tier habitual offender statute. The first tier applied to those individuals with two or three prior convictions, and the second tier applied to those with four or more prior convictions. Ark.Stat.Ann. § 41–1001(1) & (2) (1977). In 1981, the Arkansas Legislature changed this scheme and redefined habitual offenders as those individuals with three or more prior convictions. 1981 Ark. Acts 620.[2] Despite the change in the law, the jury was instructed that it could find Grooms to be a habitual offender if it found that Grooms "ha[d] been convicted

---

1. The Honorable Henry L. Jones, Jr., United States Magistrate for the Eastern District of Arkansas.

2. The scheme was changed again in 1983. *See* Ark.Stat.Ann. § 41–1001 (Supp.1985).

of either two or three previous felonies...." Trial Transcript at 193.[3]

After his conviction, Grooms filed a notice of appeal, which he later withdrew. He then sought post-conviction relief in state court, alleging that the habitual offender statute was unconstitutional, that the guilt and penalty phases were not bifurcated, that he did not knowingly and intelligently waive his right to appeal, and that he received ineffective assistance of counsel. The claims of ineffective assistance involved Grooms' trial counsel's failure to object to the first two alleged errors and his failure to object to the prosecution's improper cross examination and impeachment of Grooms. The trial court denied relief, and the Arkansas Supreme Court affirmed. *Grooms v. State,* 283 Ark. 224, 675 S.W.2d 353 (1984).

Grooms next filed a petition for a writ of error coram nobis. The trial court denied his request for relief, and the Arkansas Supreme Court affirmed in an unpublished opinion. In October 1985, he filed a second motion for post-conviction relief. The trial court again denied his motion, and the Arkansas Supreme Court affirmed because the same issue had been previously considered and the successive motion was procedurally barred. *Grooms v. State,* 293 Ark. 358, 737 S.W.2d 648 (1987).

Grooms then sought a writ of habeas corpus in federal district court. His amended petition alleged several grounds of error, only two of which are before us on appeal: the first ground involves the improper jury instruction, and the second involves the ineffectiveness of Grooms' trial counsel for failing to object to the instruction and failing to object to the improper impeachment.

## II. DISCUSSION

### A. *Improper Jury Instruction*

Grooms did not raise the issue of the improper jury instruction in his state court proceedings. While he did contend that the sentencing scheme was unlawful, he never presented the state courts with the same

factual and legal arguments that he presented to the magistrate. *Stranghoener v. Black,* 720 F.2d 1005, 1007–08 (8th Cir.1983). Consequently, we can examine his claim only if he has no currently available, non-futile state remedies, there was adequate cause to excuse his failure to present the issue in state court, and if he suffered prejudice as a result of this failure. *Smittie v. Lockhart,* 843 F.2d 295, 296 (8th Cir.1988) (citations omitted). Grooms must prevail on all of these issues before we can consider his claim. *Id.*

■ There are no state remedies available to Grooms because Arkansas will not permit him to file any further motions for post-conviction relief. *See Grooms,* 293 Ark. at 358–59, 737 S.W.2d at 649. Grooms argues that he has cause for his failure to present the issue in state court because he received ineffective assistance of counsel. In *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court explained that ineffective assistance of counsel could serve as cause sufficient to excuse a procedural default only if the defense counsel failed to satisfy the standards set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Carrier,* 477 U.S. at 488, 106 S.Ct. at 2645. Under *Strickland,* a counsel's representation is constitutionally deficient only if it "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" and the defendant was thereby prejudiced. *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2063–64; *see also Bliss v. Lockhart,* 891 F.2d 1335, 1339 (8th Cir.1989). Thus, even if Grooms' counsel was ineffective in failing to object to the instruction, he was not constitutionally deficient if Grooms was not prejudiced.

■ We do not believe that he was prejudiced. Grooms testified that he had been convicted of felonies in Arkansas, Florida, and California. Trial Transcript at 177–79. All three convictions occurred after

---

**3.** The State concedes that this instruction was    improper. Respondent's Brief at 4–5.

Grooms reached the age of majority.[4] Therefore, there was sufficient evidence for the jury to find Grooms guilty of being a habitual offender despite the incorrect instruction,[5] and no prejudice was created by his attorney's failure to object to the improper instruction. Because of the lack of prejudice, Grooms' attorney was not constitutionally deficient and Grooms thus lacks cause sufficient to excuse the procedural default.

■ Grooms also contends that his default is excused by the "actual innocence" exception. The Supreme Court has explained that "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Carrier*, 477 U.S. at 496, 106 S.Ct. at 2649. Assuming, without deciding, that a constitutional violation has occurred, it is not probable that Grooms is innocent of being a habitual offender. As explained above, Grooms admitted to having been convicted of three felonies after reaching the age of eighteen. On appeal, he offers nothing to suggest the contrary. Consequently, we do not believe that he is actually innocent and his default cannot be excused.

### B. *Ineffective Assistance of Counsel*

■ Grooms asserts, as an independent basis for the writ, that his trial counsel was ineffective for failing to object to the improper instruction and to the prosecution's improper impeachment. We do not address whether Grooms' trial counsel rendered constitutionally deficient representation for failing to object to the instruction because it is clear that Grooms was not prejudiced by this failure. As discussed previously, Grooms admitted to three prior convictions; consequently, we do not believe that the outcome would have been different if his attorney had objected. *See Lawrence v. Lockhart*, 767 F.2d 449, 450 (8th Cir.1985).

■ Trial counsel's failure to object to impeachment was not deficient because the record clearly reveals that Grooms testified about his criminal history on direct examination. Trial Transcript at 164–66. Grooms even discussed aspects of his juvenile convictions. *Id.* at 164. The scope of impeachment was not improper as the issue was opened by direct examination. Grooms' trial counsel cannot be considered deficient for failing to make an objection that would not be sustained.

### III. CONCLUSION

Grooms was not prejudiced by either the improper jury instruction or his attorney's conduct. Furthermore, his attorney's failure to object to what Grooms considers improper impeachment was not constitutionally deficient representation. Consequently, Grooms' request for relief was properly denied. We affirm.

---

4. The trial took place on September 20 and 23, 1982. Grooms testified that he would be forty years old on November 9, 1982. Trial Transcript at 180. Thus, he turned eighteen on November 9, 1960. The earliest of the three convictions took place in 1964. Trial Transcript at 179.

5. Under Arkansas law, the prosecution was not required to offer documentary evidence of Grooms' prior convictions. *Elmore v. State*, 268 Ark. 225, 225–27, 595 S.W.2d 218, 218–19 (1980).