Kenneth JONES, Appellant,

v.

STATE OF ARKANSAS, Appellee.

No. 89–2013.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1990.

Decided March 27, 1991.

Brian Allen Brown, Little Rock, Ark., for appellant.

Jack Gillian, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.

LAY, Chief Judge.

We grant the petition for rehearing filed by the state of Arkansas; we vacate our prior opinion and now file this opinion as our amended judgment.

Kenneth Jones appeals the magistrate's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1988).[1] Jones alleges numerous grounds for reversal. We need focus only on his claim that the state denied him due process when he was sentenced under an Arkansas statute that on its face did not apply to him. We reverse the judgment of the magistrate and order that the writ be conditionally granted.[2]

## BACKGROUND

■ The state charged Jones with burglary and aggravated robbery that occurred in May, 1983. At the time, aggravated robbery was classified as a class Y felony and robbery a class B felony under Arkansas law. Jones had two prior felony convictions for burglary, both while he was a juvenile. Under the Arkansas habitual offender statute, a repeat offender can be charged with the primary felony and with being a habitual offender if the offender has the requisite number of prior felonies. Ark.Stat.Ann. § 41–1001 (Supp.1981). In such cases, the defendant receives a bifurcated trial. If the jury finds the defendant guilty of the predicate offense, the judge then determines the number of prior felony convictions the jury may consider in fixing punishment. Ark.Stat.Ann. § 41–1005 (Supp.1981) (current version at Ark.Code Ann. § 5–4–502 (1987)). The state has the burden to prove the existence and validity of prior convictions. Ark.Stat.Ann. § 41–1003 (Supp.1981) (current version at Ark.Code Ann. § 5–4–504 (1987)). If the

---

* The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. Both counsel consented, pursuant to 28 U.S.C. § 636(b) (1988), to allow the magistrate to enter a final judgment.

2. We have reviewed Jones' other claims and find them either moot, given our determination that his sentence was improper, or without merit.

judge finds that the defendant, as a factual matter, does not have the requisite number of prior felony convictions to be a habitual offender under the statutory definition, the jury fixes punishment in the normal manner under the general sentencing statute.[3] If the judge determines the defendant has the requisite number of prior felonies to be classified as a habitual offender, the judge informs the jury of the number and nature of the prior offenses and the jury then fixes punishment using the penalties in the habitual offender statute.[4]

The state elected to charge Jones as a habitual offender. Jones was tried in December, 1983. After the jury returned guilty verdicts on the aggravated robbery and burglary counts, the judge conducted a hearing in chambers in which the state offered proof of the two previous convictions. The trial judge found that the two convictions were valid. The state legislature had recently amended the jurisdictional portion of the habitual offender statute, making it applicable to defendants with "more than one (1) but less than four (4) felonies." Ark.Stat.Ann. § 41–1001 (Supp. 1983). Prior to the 1983 amendment, a defendant had to have at least three prior felony convictions. Applying the amended version of the statute, the judge then instructed the jurors that since Jones had

two prior felony convictions, he was a habitual offender. In accord with the habitual offender statute, the jury fixed Jones' sentence at life imprisonment plus thirty years.[5]

Jones' conviction was upheld by the Arkansas Supreme Court. *Jones v. State*, 283 Ark. 308, 675 S.W.2d 825 (1984). State post-conviction relief was denied. Jones then filed this federal habeas petition. The magistrate entered final judgment, pursuant to 28 U.S.C. § 636 (1988), denying relief. This appeal followed.

## ANALYSIS

### I.

### A.

■ Jones argues that he was denied due process because he was sentenced under a statute that was not in effect at the time he committed his crime.[6] Jones was found guilty of committing an offense that occurred on May 3, 1983. He was sentenced under the habitual offender statute, as amended by Act 409 of 1983, that on its face states it applies only to a "defendant who is convicted of a felony committed *after June 30, 1983.*" Ark.Stat.Ann. § 41–1001(1) (Supp.1983) (emphasis added).[7]

---

**3.** In Arkansas, the jury fixes punishment for criminal offenses. Ark.Stat.Ann. § 41–802(1) (Repl.1977) (current version at Ark.Code Ann. § 5–4–103(a) (1987)).

**4.** Sentencing under the habitual offender statute is an alternative to sentencing under the general sentencing statute, Ark.Stat.Ann. § 41–901 (Supp.1981) (current version at Ark.Code Ann. § 5–4–401 (1987)). If the jury is instructed that the defendant is being charged as a habitual offender, it may sentence a defendant only under the habitual offender statute. *Rogers v. State*, 10 Ark.App. 19, 660 S.W.2d 949, 951 (1983).

**5.** The habitual offender statute under which Jones was sentenced, section 41–1001 as amended by Act 409 of 1983, provided that a jury could sentence a habitual offender convicted of a class Y felony to "a term of not less than twenty (20) years nor more than sixty years, or life." § 41–1001(1)(a) (Supp.1983). For conviction of a class B felony, the jury could sentence a habitual offender to "a term not less than ten (10) years nor more than thirty (30) years." § 41–1001(1)(c) (Supp.1983). The penalties for

these classes of offenses were the same under the predecessor habitual offender statute, section 41–1001 as amended by Act 620 of 1981.

**6.** Normally, the erroneous application of state procedural law is not cognizable in federal court. When, however, a state's failure to adhere to its own law violates a federal right, it is cognizable in federal court. *See Hicks v. Oklahoma*, 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980).

**7.** The number of previous felony convictions needed to trigger sentencing as a habitual offender in Arkansas has changed rather frequently. The Arkansas habitual offender statute was first enacted in 1975. *See* Acts 1975, No. 280, § 1001. The original version of the statute applied to defendants convicted of "two or more felonies...." *See* Ark.Stat.Ann. § 41–1001(1) (Supp.1976). Act 474, § 4, of 1977 amended the habitual offender statute to provide that the statute applied to defendants convicted of "more than one (1) but less than four (4) felonies...." *See* Ark.Stat.Ann. § 41–1001(1) (Repl.1977). In 1981, the legislature once again changed the

The version of the habitual offender statute in effect when Jones committed his offense required a defendant to have more than two previous felony convictions and thus Jones could not have been validly sentenced under it.[8] Jones should, therefore, have been sentenced under the general sentencing statute, Ark.Stat.Ann. § 41–901 (Supp.1981). Because the trial court found the habitual offender scheme applicable when Jones had two previous felony convictions, the court must have been proceeding under § 41–1001 as amended by Act 409 of 1983. Jones argues that the trial court's error in invoking the amended habitual offender statute resulted in an ex post facto application of the law, denying him due process.

### B.

■ ■ A violation of the ex post facto clause of the Constitution, U.S.Const. Art. I, § 9, cl. 3 (Congress); Art. I, § 10, cl. 1 (states), occurs when a criminal law is applied retrospectively to events occurring before enactment of the law, and the offender is disadvantaged by that application. *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). In *Young v. Lockhart*, 892 F.2d 1348 (8th Cir.1989), this court found an ex post facto violation occurred when an Arkansas defendant was sentenced for a 1979 offense under a sentencing classification scheme enacted in 1981. *Id.* at 1353–54.[9] Sentencing Jones under the version of the habitual

offender statute as amended by Act 409 of 1983 clearly shows retroactive application.

Although conceding that the wrong sentencing statute was used, the state contends that Jones was not thereby disadvantaged or prejudiced because Jones could have received essentially the same sentence had the jury properly sentenced him under the general sentencing statute, Ark.Stat. Ann. § 41–901 (Supp.1981). That provision provided that a defendant convicted of a class Y felony (which includes aggravated robbery) could be sentenced to "not less than ten (10) years and not more than forty (40) years, or life." Ark.Stat.Ann. § 41–901(1)(a) (Supp.1981). A class B felony (which includes burglary) carries a sentence of from five to twenty years. Ark. Stat.Ann. § 41–901(1)(c) (Supp.1981). The sentence Jones received under the habitual offender statute, which is essentially life imprisonment, is within the range authorized by section 41–901, the statute the jury should have considered in fixing punishment. Therefore, the state argues that the use of the wrong sentencing statute is harmless error.

The state's contention is seriously flawed. We previously have observed that because the state is required to prove facts beyond a reasonable doubt in a separate proceeding in which both sides present evidence and factual findings are made, sentencing under the Arkansas habitual offender statute is similar to the traditional trial process of determining guilt or innocence. *Nelson v. Lockhart*, 828 F.2d 446,

---

number of previous felony convictions required to trigger application of the habitual offender sentencing scheme, this time requiring the defendant to have at least three previous felonies. The language used was that a defendant must have "more than two (2) felonies...." Acts 1981, No. 620, § 9. In 1983, the legislature settled once again on the "more than one (1) but less than four (4) felonies" language. Acts 1983, No. 409, § 3. The present version of the habitual offender statute, codified at Ark.Code Ann. § 5–4–501 (1987), remains unchanged since the 1983 amendment.

8. Arkansas courts have underscored what is apparent on the face of the habitual offender statute by finding that the version of section 41–1001 in effect when the offense was committed is the one that the trial judge must look to when

deciding whether to sentence a defendant as a habitual offender. *See, e.g., Reed v. State*, 282 Ark. 492, 669 S.W.2d 192, 194 (1984); *Gilbert v. State*, 277 Ark. 61, 639 S.W.2d 346 (1982).

9. In *Young*, a habeas corpus case, the state in 1982 charged the defendant with two class Y felonies stemming from two rapes, one committed in 1979 and the other in 1982. In 1979, rape was classified in Arkansas as a class A felony, and did not become a class Y felony until 1981. Class A felonies carried a lesser penalty. *Id.* at 1349. The court found that sentencing the defendant for the 1979 rape under the 1981 classification scheme violated the ex post facto clause. The court excused the defendant's state court default of the issue, finding cause for the default because of the defendant's invalid waiver of counsel. *Id.* at 1350.

449 (8th Cir.1987), *rev'd on other grounds,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). Sentencing under the habitual offender scheme is thus procedurally and qualitatively quite different from sentencing under the general felony sentencing statute.

In addition, the very purpose of the Arkansas habitual offender procedure is to enhance punishment of recidivists. *Washington v. State,* 273 Ark. 482, 621 S.W.2d 216, 218 (1981). Reflecting this goal, the permissible sentence ranges for a term of years generally are higher under section 41–1001 than under section 41–901. *See Rogers v. State,* 10 Ark.App. 19, 660 S.W.2d 949, 951 (1983). For a class Y felony under the general sentencing statute, the authorized term of years is from ten to forty years, while under the habitual offender statute the term of years runs from twenty to sixty years. Although it is true that both statutes allow the jury to sentence a defendant to life imprisonment, the jury may well have been influenced by the higher penalties presented to it under section 41–1001. *Cf. Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980) (finding jury's sentencing discretion in habitual offender case im-

paired by erroneous instruction on the applicable penalties, even though the sentence imposed was within the range the jury could have imposed if properly instructed).[10] Even more apparent is the inherent prejudice to Jones from having the jury consider his two previous convictions and being instructed that Jones was a habitual offender. *See Shells v. State,* 22 Ark.App. 62, 733 S.W.2d 743 (1987).[11] As Justice (then Judge) Cardozo wrote, "The genius of our criminal law is violated when punishment is enhanced in the face of reasonable doubt as to the facts leading to enhancement." *People v. Reese,* 258 N.Y. 89, 101, 179 N.E. 305, 308 (1932); *see also Cox v. Hutto,* 619 F.2d 731, 734–35 (8th Cir.1980).[12]

The Arkansas Supreme Court has held that sentencing a defendant as a habitual offender when that statute did not apply to him is prejudicial error requiring that the defendant either be re-tried or have his sentence modified to the minimum applicable punishment under the general sentencing statute. *Ellis v. State,* 270 Ark. 243, 603 S.W.2d 891, 892 (1980); *McDonald v. State,* 266 Ark. 56, 582 S.W.2d 272, 274 (1979). We conclude that the erroneous application of the habitual offender statute

---

**10.** In *Hicks,* the jury sentenced the defendant pursuant to the Oklahoma habitual offender statute. The judge instructed the jury that under the habitual offender statute they must sentence the defendant to a mandatory forty year term. *Hicks,* 447 U.S. at 345, 100 S.Ct. at 2229. The mandatory term provision was soon thereafter found to be unconstitutional by the Oklahoma Court of Criminal Appeals. Hicks should have been sentenced under a statute allowing the jury to assess a sentence of "not less than ten … years." *Id.* The Oklahoma Court of Criminal Appeals affirmed Hicks' sentence, reasoning that even if the jury had been properly instructed, they still might have sentenced him to forty years. In reversing the denial of habeas corpus relief, the Supreme Court explained the fallacy of the Oklahoma court's reasoning:

> Oklahoma denied the petitioner the jury sentence to which he was entitled under state law, simply on the frail conjecture that a jury *might* have imposed a sentence equally as harsh as that mandated by the invalid habitual offender provision. Such an arbitrary disregard of the petitioner's right to liberty is a denial of due process of law.

*Id.* at 346, 100 S.Ct. at 2229.

**11.** In *Shells,* the court held that the erroneous introduction of two prior felonies in the enhancement stage of the proceedings prejudiced the defendant, even though the jury's sentence was within the sentence range the jury could have imposed without the improperly introduced convictions. 733 S.W.2d at 746–47.

**12.** This case is distinguishable from *Grooms v. Lockhart,* 919 F.2d 505 (8th Cir.1990) (per curiam). In *Grooms,* the trial judge erroneously instructed the jury that Grooms could be found to be a habitual offender if he had been convicted of two or more felonies. This instruction would have been correct for the 1983 version of section 41–1001, but was incorrect for the 1981 version, which actually governed the case. *Id.* at 506–07. The court held that no constitutional violation occurred because Grooms had in fact been convicted of three previous felonies, bringing him within section 41–1001 as amended by Act 620 of 1981. We found no prejudice. *Id.* at 507. In this case, the state does not argue that Jones had any more than two previous convictions.

prejudiced Jones.[13]

## C.

█ We hold that sentencing Jones under the habitual offender statute, as amended by Act 409 in 1983, which was not in force when Jones committed his offenses, violates the ex post facto clause of the Constitution. *See Miller v. Florida,* 482 U.S. 423, 435–36, 107 S.Ct. 2446, 2453, 96 L.Ed.2d 351 (1987) (holding that application of state sentencing statute not in effect when defendant committed offense violates ex post facto provision); *United States v. Swanger,* 919 F.2d 94, 95 (8th Cir.1990) (per curiam) (holding that application of federal sentencing guidelines amendments not in force when defendant committed offense violates ex post facto clause); *United States v. Suarez,* 911 F.2d 1016, 1021–22 (5th Cir.1990) (same).[14]

## II.

█ The state does not deny that Jones was sentenced under a statute that did not apply to him. The state asserts, however, that Jones is raising this issue for the very first time. It argues that he is barred from raising new issues on appeal and from raising issues not presented previously to the state courts.[15] Generally, appellate courts will refuse to consider issues not raised in the district court. *Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. at 719, 721, 85 L.Ed. 1037 (1941); *United States v. Glass,* 720 F.2d 21, 23 (8th Cir.1983). A special exception exists, however, for instances when "injustice might otherwise result." *Hormel,* 312 U.S. at 557, 61 S.Ct. at 721; *Beavers v. Lockhart,*

755 F.2d 657, 662 (8th Cir.1985). This case falls within that narrow exception, as Jones has presented a compelling case for review. *See United States v. McCall,* 915 F.2d 811, 814 (2d Cir.1990) (exercising discretion to hear claim, not presented below, that defendant was sentenced under the wrong Guidelines section); *Beavers,* 755 F.2d at 662 (exercising discretion to consider habeas petitioner's claim of ineffective assistance not raised in district court).

█ The state also asserts that Jones' failure to raise his claim in the state courts is a procedural default barring this court's consideration of the claim. Normally, a habeas petitioner must show "cause" and "prejudice" to excuse the default. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). Although the Supreme Court believed that the cause and prejudice standard of *Sykes* would take care of most cases in which the habeas petitioner was a victim of a miscarriage of justice, it recognized that in a small number of extraordinary cases this would not be true. *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 2649–50, 91 L.Ed.2d 397 (1986). The Court thus developed a narrow exception to the procedural default rule which is directed toward "the imperative of correcting a fundamentally unjust incarceration." *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 1576, 71 L.Ed.2d 783 (1981). The Court has subsequently expressed this exception as applying to incarcerations in which "a constitutional violation has probably resulted in the conviction of one who is actually innocent...." *Murray,* 477 U.S. at 496, 106

---

**13.** The prejudice to Jones of being sentenced as a habitual offender to life imprisonment without possibility of parole is amplified by the fact that he was only nineteen years old when he was sentenced in 1983. Had the jury not heard evidence of his prior convictions during sentencing, they may well have given him a term of years rather than a life sentence.

**14.** We also note that sentencing a defendant under the wrong statute may itself be a due process violation when the jury's proper discretion is impaired. *See Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980), discussed *supra* note 10.

**15.** Apparently none of Jones' previous appointed attorneys had recognized that the trial court erroneously relied on the habitual offender statute to sentence Jones. As outlined earlier, *supra* note 7, Arkansas has repeatedly changed the number of prior felony convictions necessary to bring a defendant within the habitual offender sentencing scheme. For all but the time the 1981 amendment was in effect, two previous felony convictions would have qualified for sentencing under the habitual offender statute.

S.Ct. at 2649; *see also Smith v. Armontrout*, 888 F.2d 530, 545 (8th Cir.1989).

Although recognizing that the *Carrier* actual innocence exception did not translate easily into the sentencing phase of a capital trial, the Court nevertheless did so in *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). If one is "actually innocent" of the sentence imposed, a federal habeas court can excuse the procedural default to correct a fundamentally unjust incarceration. *Id.; Dugger v. Adams*, 489 U.S. 401, 411 n. 6, 109 S.Ct. 1211, 1217 n. 6, 103 L.Ed.2d 435 (1989); *Smith v. Armontrout*, 888 F.2d at 545; *Stokes v. Armontrout*, 893 F.2d 152, 156 (8th Cir.1989).[16] It would be difficult to think of one who is more "innocent" of a sentence than a defendant sentenced under a statute that *by its very terms* does not even apply to the defendant.

Jones' case falls within the extremely narrow band of cases in which a federal habeas court can grant the writ based on a miscarriage of justice. As Justice Frankfurter wrote almost half a century ago, "[t]he history of liberty has largely been the history of observance of procedural safeguards." *McNabb v. United States*, 318 U.S. 332, 347, 63 S.Ct. 608, 616, 87 L.Ed. 819 (1943).

## CONCLUSION

Jones was sentenced under an amended version of the Arkansas habitual offender statute not in force when he committed his crime and which on its face did not apply to him. This violated the ex post facto clause of the Constitution, denying Jones due process.

The judgment of the magistrate denying habeas relief is REVERSED and the case remanded. The district court is ordered to grant the writ unless the state elects to re-try Jones or re-sentence him properly under Arkansas law within 120 days of the filing of this opinion.[17]

---

**16.** Although all of these cases deal with the sentencing phase in capital murder cases, there are indications that the actual innocence exception also may apply to non-capital sentencing. In *Smith*, the Court stated that the procedural default rules should not depend "on the nature of the penalty." 477 U.S. at 538, 106 S.Ct. at 2668. The Court also stated that it was fair to enforce procedural default rules "in cases devoid of any substantial claim that the alleged error undermined the accuracy of the guilt *or sentencing determination*." *Id.* at 538–39, 106 S.Ct. at 2668–69 (emphasis added). The question is by no means settled. *Compare Pilchak v. Camper*, 741 F.Supp. 782, 796 (W.D.Mo.1990) (holding that actual innocence rule applies to non-capital sentencing phase of trial) *with United States ex rel. Henderson v. Thieret*, 671 F.Supp. 1193, 1201 (N.D.Ill.1987) (holding that rule applies only to capital sentencing because those proceedings are akin to a verdict on guilt or innocence), *aff'd on other grounds*, 859 F.2d 492 (7th Cir.1988).

As explained earlier, this court has found that because of the trial-like proceedings during the sentencing phase, sentencing under the Arkansas habitual offender statute is akin to a trial on guilt or innocence, much like capital sentencing proceedings. *Nelson v. Lockhart*, 828 F.2d 446, 449 (8th Cir.1987). Although the principal holding in *Nelson* was reversed, the Supreme Court did not disturb this holding because the state did not challenge it on appeal. *See Lockhart v. Nelson*, 488 U.S. 33, 37 n. 5, 109 S.Ct. 285, 289 n. 5, 102 L.Ed.2d 265 (1988). *See also Grooms v. Lockhart*, 919 F.2d 505 (8th Cir.1990) (considering question of whether habeas petitioner is actually innocent of being a habitual offender under Arkansas sentencing law). We need not, however, decide the broad question of whether the actual innocence rule might always apply to non-capital sentencing proceedings, given the character of the Arkansas habitual offender sentencing proceedings. We are satisfied that Jones has presented a compelling case where manifest injustice would occur were we to adhere rigidly to the procedural default rule.

**17.** Under Arkansas law, it appears that a new jury generally cannot be empaneled solely on the issue of sentencing. *See Mathis v. State*, 267 Ark. 904, 591 S.W.2d 679, 683 (Ark.App.1980) (holding that a defendant "is entitled to have his sentence imposed by the same jury that determines his guilt or innocence"), *partially overruled on other grounds Rogers v. State*, 10 Ark. App. 19, 660 S.W.2d 949, 951 (1983). In a long succession of cases, the Arkansas Supreme Court has determined that when there has been a trial error not affecting guilt or innocence, the state should have the option of either re-trying the defendant or allowing the state court to sentence the defendant to the minimum sen-

tence the jury validly could have imposed. *See Ellis v. State,* 270 Ark. 243, 603 S.W.2d 891, 892 (1980); *McDonald v. State,* 266 Ark. 56, 582 S.W.2d 272, 274 (1979); *Leggins v. State,* 267 Ark. 293, 590 S.W.2d 22, 24 (1979); *McConahay v. State,* 257 Ark. 328, 516 S.W.2d 887 (1974); *Richards v. State,* 254 Ark. 760, 498 S.W.2d 1, 2 (1973); *see also Johnson v. State,* 26 Ark.App. 286, 764 S.W.2d 621, 624 (1989); *Shells v. State,* 22 Ark.App. 62, 733 S.W.2d 743, 747 (1987). These cases have reasoned that if the court imposes sentence, it may impose only the minimum sentence the original jury could have imposed under the proper sentencing statute in order "to avoid any possibility of prejudice to the [defendant]." *Ellis,* 603 S.W.2d at 892.