**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH R. MOYER | No. 08-17322 |
| Petitioner - Appellant, | D.C. No. 3CV-S-03-01719 JAM/JFM |
| v. | |
| JOE McGRATH, Warden | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez , District Judge, Presiding

Argued and Submitted April 12, 2010
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and MOODY, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James Maxwell Moody, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1

Kenneth R. Moyer appeals the denial by the district court of his petition for a writ of habeas corpus. The district court had jurisdiction under 28 U.S.C. § 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review the district court's decision *de novo*. *See Burnett v. Lampert*, 432 F.3d. 996, 997 (9th Cir. 2005). We affirm.

Petitioner was convicted of murdering his wife and sentenced to life imprisonment without parole. Petitioner contends that his conviction violated his right to due process because his counsel failed to request, and the trial court failed to give, an accomplice testimony instruction pursuant to California Penal Code § 1111. California Penal Code § 1111 provides that "[a] conviction can not be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense. . . ."

Petitioner relies on the out of circuit case of *Dubois v. Lockhart*, 859 F.2d 1314 (8th Cir. 1988), where there was no corroboration of accomplice testimony in a first trial and hence double jeopardy in the retrial, because insufficient evidence doomed the first. This court agrees that uncorroborated testimony of an accomplice can be so suspect as to fail to provide sufficient evidence to support a conviction. *See Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000)

2

(uncorroborated accomplice testimony can sustain a conviction under federal law and the Constitution so long as it is "neither incredible nor insubstantial on its face."). In petitioner's case there was ample corroboration of his guilt including, but not limited to, the insurance policy that became effective the day of the murder, petitioner's attempt to bribe a local workman to give a false statement to the police, petitioner's attempted escape, and the blood on the floor that petitioner described as cherry cough syrup.

The judgment of the district court is AFFIRMED.